IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JENNIFER S.,<br><br>             Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case #4:22-cv-00080-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Jennifer S.'s appeal from the decision of the Social Security Administration denying her application for disability insurance benefits. The Court affirms the administrative ruling.

I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[3] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

affirmed.[4] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II. BACKGROUND

A.     PROCEDURAL HISTORY

On October 29, 2020, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on August 10, 2020.[7] The claim was denied initially and upon reconsideration.[8] Plaintiff then requested a hearing before an ALJ, which was held on February 8, 2022.[9] On March 4, 2022, the ALJ found that Plaintiff was not disabled.[10] The Appeals Council denied review on September 8, 2022,[11] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[12]

On October 17, 2022, Plaintiff filed her complaint in this case.[13] On November 7, 2022, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the

---

[4] *Richardson*, 402 U.S. at 390.

[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[7] R. at 154–59.

[8] *Id.* at 47, 64.

[9] *Id.* at 25–46.

[10] *Id.* at 12–24.

[11] *Id.* at 1–6.

[12] 20 C.F.R. § 416.1481.

[13] Docket No. 6.

Tenth Circuit.[14] The Commissioner filed an answer and the administrative record on December 16, 2022.[15]

Plaintiff filed her Opening Brief on January 2, 2023.[16] The Commissioner's Answer Brief was filed on March 3, 2023.[17] Plaintiff filed her Reply Brief on March 16, 2023.[18]

B.    THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had engaged in substantial gainful activity ("SGA") and that there was no continuous twelve-month period during which Plaintiff had not engaged in SGA.[19] As a result, the ALJ found that Plaintiff was not disabled.[20]

### III. DISCUSSION

Plaintiff argues that the ALJ erred at step one. At step one, the ALJ considers whether the claimant has engaged in SGA.[21] Generally, if an individual has earnings from employment above

---

[14] Docket No. 12.

[15] Docket Nos. 13–14.

[16] Docket No. 15.

[17] Docket No. 19.

[18] Docket No. 20.

[19] R. at 17–18.

[20] *Id.* at 18–19.

[21] 20 C.F.R. § 404.1520(b).

a specific level, they are considered to be able to engage in SGA.[22] If an individual engages in SGA, that person is not disabled.[23] SGA in 2021, the relevant year here, was $1,300 per month.[24]

Work activity does not qualify as SGA if it is found to be an "unsuccessful work attempt."[25] Initially, for work activity to be considered an unsuccessful work attempt, the claimant's impairment must cause a significant break in the continuity of their work. The work activity will then qualify as an unsuccessful work attempt only if, after working for a period of six months or less, the work was terminated or markedly reduced due to the claimant's impairment or due to the removal of special conditions essential to further performance of the work.[26] Work performed at the SGA-level for more than six months is not considered an unsuccessful work attempt, regardless of the reason for its termination or reduction below the substantial gainful activity level.[27]

Agency guidance provides that "[a]fter the first significant break in continuity of your work, your next period of work is regarded as *continuous* until another significant break occurs; that is, until your impairment, or the removal of special conditions related to your impairment that are essential to your further performance of work, causes your work to be 'discontinued.'"[28] "We will consider your work to be 'discontinued' if you (1) were out of work for at least 30

---

[22] *Id.* § 404.1574.

[23] *Id.* § 404.1520(a)(4)(i).

[24] *See* https://www.ssa.gov/oact/cola/sga.html (last visited April 11, 2023).

[25] *Id.* § 404.1574(c).

[26] *Id.* § 404.1574(c)(3); SSR 05-02, 2005 WL 568616, at *2 (Feb. 28, 2005).

[27] 20 C.F.R. § 404.1574(c)(4); SSR 05-02, 2005 WL 568616, at *2.

[28] SSR 05-02, 2005 WL 568616, at *2 (emphasis added).

consecutive days or (2) were forced to change to another type of work or another employer."[29] However, if a claimant has "SGA-level work lasting more than 6 months" it is not considered an unsuccessful work attempt "regardless of why it ended."[30]

Plaintiff earned $24,149.17 in 2021. This is above the threshold to be considered SGA. Nevertheless, Plaintiff argues that her work during this period consisted of unsuccessful work attempts. The ALJ rejected this, finding that Plaintiff had SGA-level earnings for more than six months.[31]

Substantial evidence supports the ALJ's conclusion. Plaintiff was hired by Avalon Care Center on July 15, 2021.[32] She worked there for "[a] couple months."[33] This means Plaintiff left in mid-September. On September 29, 2021, Plaintiff was hired by St. George Bella Terra Nursing and Rehabilitation.[34] Plaintiff worked there for "[j]ust under two months,"[35] meaning that Plaintiff left sometime in mid- to late-November. Plaintiff was then hired by Elegance Employer Meadow on December 3, 2021,[36] where she worked for "[a]bout two months."[37] This

---

[29] *Id.*

[30] *Id.* at *3.

[31] R. at 18.

[32] *Id.* at 168.

[33] *Id.* at 39.

[34] *Id.* at 168.

[35] *Id.* at 39.

[36] *Id.* at 168.

[37] *Id.* at 40.

5

cumulative period—from July 2021 to February 2022—is greater than six months, which means it is not considered an unsuccessful work attempt.[38]

Plaintiff argues that the ALJ "must look at each separate job" and "cannot simply lump these attempts together with no discussion as to how long they lasted and how much time there was between each job."[39] However, SSR 05-02 states that the ALJ must consider each "period of work," not each job. And each period of work is considered continuous until a significant break occurs that causes the work to be discontinued. For the work to be considered discontinued, Plaintiff must have been out of work for at least 30 consecutive days.[40]

While the record is less than clear, the new hire reports combined with Plaintiff's testimony, provides substantial evidence to support the ALJ's decision. Plaintiff worked for three entities over a greater than six-month period. While she changed jobs, there is no evidence that she was out of work for at least 30 consecutive days between her jobs at the three jobs discussed above. At best, the evidence shows that there was a period of two to three weeks between these positions. This is insufficient to demonstrate that the work was discontinued. Thus, this entire period of work is considered continuous. Because the record supports the conclusion that Plaintiff performed work at SGA levels for more than six months, her prior work is not considered an unsuccessful work attempt and the ALJ is affirmed.

---

[38] Based on this, the Court need not consider the two other jobs cited by the Acting Commissioner.

[39] Docket No. 15, at 9–10.

[40] Plaintiff does not argue that she was "forced" to change employers, therefore any such argument is waived. Even if not waived, the record does not support that Plaintiff was forced to change to another employer. Moreover, because Plaintiff's SGA-level work lasted more than six months it is not considered an unsuccessful work attempt regardless of why it ended.

## IV. CONCLUSION

Having made a thorough review of the entire record, the Court affirms the Commissioner's decision.

DATED this 14th day of April, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge